IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| STEPHEN SILAS THOMAS, PRO SE, § <br> aka STEVEN SILAS THOMAS, § <br> TDCJ-CID No. 317322, § <br> Previous TDCJ-CID No. 284643, § <br> Previous TDCJ-CID No. 1196538, § <br> Previous TDCJ-CID No. 1660629, § <br> Previous TDCJ-CID No. 1784260, § <br> Previous TDCJ-CID No. 1869072, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> WILLIAM STEPHENS, Director, § <br> § <br> Defendant. § | 2:15-CV-0304 |

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff STEPHEN SILAS THOMAS, acting pro se, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-named defendant and has been granted permission to proceed pursuant to Title 28, United States Code, section 1915.

Plaintiff states he was convicted of aggravated robbery in 1980 and received a 60-year conviction. Plaintiff says he was released on parole in 2000, and was reincarcerated for parole violations in 2007. Plaintiff states that, upon reincarceration, his old TDCJ-CID number was changed from 317322 to 1784260.

Plaintiff alleges his new identification number issued in 2007 "has no new conviction to substantiate a committment [sic]." He argues he is "actually innocent of the new identification # 1784260 issued in 2007" and is, therefore, wrongfully imprisoned. Plaintiff claims this change

increased his original punishment, destroyed TDCJ's "legal jurisdiction over the plaintiff," subjected him to "false pretense" and imprisonment, and that he is actually innocent of any crime justifying his commitment under the new cause number and is, therefore, wrongfully imprisoned.

Plaintiff requests the Court find that the Texas Department of Criminal Justice erred in issuing the new identification number; that the new number superseded plaintiff's old identification number, "that there is no new conviction to comitt [sic] plaintiff under #1784260;" that plaintiff has been subjected to "Double Punishment, Violating Ex Post Facto Claus [sic], increase in punishment," and that plaintiff should be "compensated under Actual Innocence." Plaintiff requests an award of $80,000.00 per year since his reincarceration in 2007 under his new identification number.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C.

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The United States District Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

To the extent plaintiff is requesting release for time served, that claim is foreclosed by *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), and plaintiff must seek such relief through habeas. *Wolff v. McDonnell*, 418 U.S. 538, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1973).

As to plaintiff's claim for monetary relief, that claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994), because a grant of any such relief would imply the invalidity of plaintiff's present and/or future incarceration, falling within the exclusive domain of habeas. *Wilkinson v. Dotson*, 544 U.S. 74, 80-81, 125 S.Ct. 1242, 1247, 161 L.Ed.2d 253 (2005). Thus, plaintiff's claims lacks an arguable basis in law and are frivolous until the *Heck* conditions have been met.

To the extent plaintiff is attempting to argue defendant STEPHENS is liable because of his supervisory position, the acts of subordinates trigger no individual section 1983 liability for supervisory officers. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314(5th Cir.

---

[2] *Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

1999). A supervisory official may be held liable only when he is either personally involved in the acts causing the deprivation of a person's constitutional rights, or there is a sufficient causal connection between the official's act and the constitutional violation sought to be redressed. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir.1987); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir.1981) (*per curiam*). Plaintiff appears to argue that the assignment of a new identification number to him in 2007 actually violated TDCJ policy. Plaintiff has alleged no fact demonstrating personal involvement by the defendant and has alleged no fact showing any causal connection between his acts and the alleged constitutional violation. Consequently, plaintiff's allegations fail to state a claim on which relief can be granted.

Lastly, to the extent plaintiff seeks to hold defendant STEPHENS liable for acts or omissions by the Texas Board of Pardons and Paroles allegedly stemming from the assignment of a new identification number in 2007, plaintiff does not allege defendant STEPHENS is a member of the Board of Pardons and Paroles or that he dictates the decisions of that entity. Plaintiff has failed to state a claim against defendant STEPHENS on which relief can be granted with respect to the decisions of the Texas Board of Pardons and Paroles.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff STEPHEN SILAS THOMAS is DISMISSED

WITH PREJUDICE TO BEING ASSERTED AGAIN UNTIL THE *HECK* CONDITIONS ARE MET[3] AND FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail. The Clerk shall also mail copies of this Order of Dismissal to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

It is SO ORDERED.

Signed this the _____23rd_____ day of November, 2015.

MARY LOU ROBINSON
United States District Judge

---

[5] *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).